COON VALLEY STATE BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11352.    Promulgated July 31, 1928.

*M. Manning Marcus, Esq.*, for the petitioner.
*Shelby S. Faulkner, Esq.*, for the respondent.

OPINION.

Love: The issues presented in this proceeding arise from the respondent's disallowance of deductions for alleged bad debts. The statute involved is section 214 (a) (7) of the Revenue Act of 1918, reading as follows:

Sec. 214. (a) That in computing net income there shall be allowed as deductions:

\*     \*     \*     \*     \*     \*     \*

(7) Debts ascertained to be worthless and charged off within the taxable year.

Discussing the items in the order of our findings we shall first consider such of the " Overly notes " as were charged off during 1919. These notes had all matured in 1918.

E. K. Knutson was in 1918 a banker with approximately 15 years' experience. He testified that during 1918 he had visited Overly and made investigations of the financial condition of each of the debtors. Some of the debtors he had personally visited and observed the condition of their farm equipment and other physical assets. He learned that such assets were subject to liens in excess of their values. He was also aware of the current crop failures and of the impoverished condition of farmers generally in the neighborhood and of the debtors in particular. E. K. Knutson further knew that the Overly State Bank had closed and that Dobbin's whereabouts were unknown. Referring to the Flahan, Dyer, Wickersham and joint Wilson notes, he testified that in his opinion these notes were worthless in 1918 and that he had so advised the petitioner during that year.

We are not advised of the contents of the report of the Farmers & Merchants Bank. While it appears that the representative whom

the petitioner sent to Overly in 1919 obtained renewal notes from some of the debtors, there is nothing to indicate in which instances such renewals were secured.

With reference to the notes of M. J. Flahan, Ray Wickersham, Lution Dyer and the joint note of Ray and Albert Wilson, aggregating $1,850, and charged off in 1919, while the evidence is somewhat conflicting as to the exact date when those notes were ascertained to be worthless, whether in 1918 or 1919, and while the evidence seems clear that petitioner learned and knew in 1918 that none of the so-called Overly notes could be collected in that year, although past due, yet it did entertain hope that crop conditions would be more favorable in 1919, and if so, thus enable it to collect some of those notes. The crops of 1919, instead of being better, were worse than in 1918, and by reason thereof the worthlessness of those notes became a settled fact.

We believe and so hold that the four notes mentioned above, aggregating $1,850, are deductible in the 1918 return.

The same conditions applied to all the other Overly notes which petitioner carried over from 1919, and deducted same on its returns for 1920.

These notes were known by petitioner to be worthless in 1919, and hence may not be deducted from gross income on the return for 1920. The Galloway Company's note was deemed worthless in 1919 and charged off in that year. The company subsequently reorganized and substituted for the note other securities which also proved worthless. We do not construe the substitution of other securities in later years, as a refutation of the contention that the note was deemed worthless in 1919. We believe, and so hold that petitioner is entitled to deduct from gross income in 1919 the $1,000 remaining unpaid on that note.

We are not persuaded that the notes of the Kansas City Railway Co. and the Globe Oil Co. were ascertained to be worthless in 1920, even if in fact they were worthless in that year.

We can not accept default of interest payments as proof of worthlessness, and this it appears is substantially all that the petitioner had to rely upon. E. K. Knutson's investigations did not cause him to believe that the notes were worthless, but only that they could not be realized upon at the time they are alleged to have been charged off or soon after. *American National Bank*, 10 B. T. A. 490. The physical charges on the books were made in February, 1921, and give rise to the question of their sufficiency to sustain the deductions in 1920.

No physical evidence of the charge-offs was made in 1920. We have held in *Mason Machine Works Co.*, 3 B. T. A. 745, 750, that the purpose in requiring that bad debts to be deductible must be

charged off as well as ascertained to be worthless within the taxable year, was to necessitate the setting up of evidence of the ascertainment of worthlessness, substantially as of the date of such ascertainment and in confirmation thereof. In the case cited we held a charge-off made as of December 31, 1918, but after the close of the books for that year to be a substantial compliance with the requirement that the charge-off be made within the taxable year. See also *George H. Fraser*, 6 B. T. A. 997; *Bank of Duplin*, 12 B. T. A. 652.

We do not consider, however, that the charge-offs here involved, made February 19, 1921, as of that date and subsequent to the close of the books for 1920, meet the requirement of the statute as we interpreted it in the *Mason* appeal and *Bank of Duplin, supra.*

The petitioner's claim of error in the adjustment of invested capital for 1920 is disposed of by our conclusions above.

*Judgment will be entered under Rule 50.*